### HUB JERMAN v. THE STATE.

No. 8838.  Delivered May 13, 1925.

#### Transporting Intoxicating Liquor—Evidence Sufficient.

Where appellant was discovered on the third floor of a hotel by the proprietor, who demanded his business in the hotel, and replied that he had come in response to a phone call for a taxi, and on being searched a bottle of alcohol fell from his raincoat, *Held* sufficient to sustain a conviction for transporting the alcohol. The evidence leaves no doubt that defendant brought this liquor into the hotel, and the cause is affirmed.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The indictment contains two counts, the first charging possession of intoxicating liquor for the purpose of sale, the second charging transportation of such liquor. Both counts were submitted. The verdict was upon the second count assessing punishment at one year in the penitentiary.

Some exceptions were taken to the charge wherein the court submitted the first count. This becomes unimportant as that count passes out of the case, the verdict being upon the other count. This applies as well to the second special charge which was requested and refused. It only had reference to the offense charged in the first count. The third special charge requested was properly refused, the subject thereof being fully covered in the main charge. The first special charge was a request for peremptory instruction of acquittal under both counts, and was properly refused unless the evidence is insufficient to support the verdict and judgment.

Defendant was the driver of a taxi-cab in Amarillo. He was discovered on the third floor of a hotel by the proprietor who inquired what his business was there. Defendant replied that he was looking for room No. 350, that some one there had 'phoned for a "taxi". They happened to be just in front of this particular room at the time. The hotel proprietor, in defendant's presence, inquired of the occupants of the room if they had called a "taxi," and was answered in the negative. Defendant and the proprietor went down to the office; the latter suspecting defendant's presence to be for reasons other than as represented detained him in the office and telephoned for an officer. Upon his arrival he asked defendant if he objected to being searched for whiskey. He said no, and as he stood up a bottle of alcohol fell from under his rain coat onto the chair or floor. The evidence leaves no doubt that defendant brought this liquor into the hotel. He was not rooming there. He did not testify himself and offered no witnesses. The evidence is sufficient.

The judgment is affirmed.

*Affirmed.*